IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEITH ROBERTSON,           *

   Appellant,            *

       v.                 *        CIVIL NO.: WDQ-12-0342

RICHARD M. KREMEN,         *

   Appellee.             *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION

Keith Robertson, *pro se*, appeals the United States Bankruptcy Court's denial of his third motion to reconsider its dismissal of his bankruptcy case. For the following reasons, the bankruptcy court will be affirmed.

I. Background

On May 5, 2011, Robertson, *pro se*, filed for Chapter 7 bankruptcy protection. Bankruptcy Petition No. 11-19516 [hereinafter "Chapter 7 Case"], ECF No. 1. Richard M. Kremen was appointed interim trustee of the bankruptcy estate. *See* Chapter 7 Case, ECF No. 4.

On May 6, 2011, Robertson asked for an exemption from filing a certificate of pre-petition credit counseling,[1] arguing

---

[1] The bankruptcy code requires debtors to obtain credit

that the Internal Revenue Service and a creditor had improperly frozen his assets and garnished his wages. Chapter 7 Case, ECF No. 9. Robertson argued that, but for "this complete disregard for [his] [c]onstitutional and [c]ivil rights," he "would not have [had] to file for bankruptcy." On May 12, 2011, the bankruptcy court denied the request because Robertson had failed to state a legally cognizable ground for exemption. Chapter 7 Case, ECF No. 20.

On May 19, 2011, Robertson filed an amended motion for exemption with nearly identical language.[2] The same day, the bankruptcy court instructed Robertson that the request had been considered and denied. Chapter 7 Case, ECF No. 27. On May 23, 2011, the bankruptcy court dismissed Robertson's case for failure to submit the credit counseling certificate. Chapter 7 Case, ECF No. 30.

On May 27, 2011, Robertson moved for reconsideration of the dismissal, and for more time to file the credit counseling certificate. Chapter 7 Case, ECF No. 34. He argued that his

---

counseling before filing a petition for bankruptcy protection. See 11 U.S.C. § 109(h). Exceptions are made if, inter alia, the petitioner can show a disability or exigent circumstances. See 11 U.S.C. § 109(h)(3) & (4).

[2] Chapter 7 Case, ECF No. 26. The only difference was Robertson's citation to the bankruptcy code. In the first motion, he moved under 11 U.S.C. § 109(h)(4), which exempts debtors with disabilities; in the second motion, he moved under 11 U.S.C. § 109(h)(3), which exempts debtors who show exigent circumstances. See Chapter 7 Case, ECF Nos. 9, 26.

motions for exemption had "describe[d] exigent circumstances," and he had since completed credit counseling. *Id.* at 1. He attached a Form 23 certification that he had completed the counseling on May 27, 2011, but failed to attach a certificate signed by his counselor. *Id.*, Ex. 1. On June 8, 2011, the bankruptcy court denied Robertson's motion because he had not filed a timely credit counseling certificate. Chapter 7 Case, ECF No. 38.

On June 14, 2011, Robertson filed an amended motion for reconsideration of the dismissal, and for more time to file the counseling certificate. Chapter 7 Case, ECF No. 40. Robertson said that he had failed to attach a certificate of counseling signed by his counselor because he had misunderstood the Form 23 instructions. *Id.* at 1. He attached the certificate to his amended motion for reconsideration, certifying that he had received counseling on May 27, 2011. *Id.*, Ex. 1. On June 17, 2011, the bankruptcy court vacated the order dismissing the case. Chapter 7 Case, ECF No. 41.

On August 4, 2011, the bankruptcy court again dismissed the case. Chapter 7 Case, ECF No. 63. After reviewing Robertson's certificate of credit counseling, the bankruptcy court found that he had not received counseling until 22 days after he had filed for bankruptcy protection. *Id.* at 2. The bankruptcy court noted that "[t]he order re-instating [Robertson's] case

[had] simply allowed him *an extension to file evidence* of his credit counseling--it [had] not grant[ed] him an extension to *obtain* the credit counseling." *Id.* at 2 (emphasis in original). Because Robertson had not received counseling before filing his bankruptcy petition, the bankruptcy court found that he was not a debtor under 11 U.S.C. § 109(h)(1), and dismissed the case. *Id.*

On August 9, 2011, Robertson moved for reconsideration of the August 4, 2011 dismissal. Chapter 7 Case, ECF No. 66. Robertson argued that he had filed his bankruptcy petition before counseling because his "salary and bank account [had been] . . . seized," and "the time it [would have] take[n] to comply [with the counseling requirement] would have left [his] children and [him] homeless." *Id.* at 1. On August 31, 2011, the bankruptcy court denied Robertson's motion because the "grounds for reconsideration [had not] been stated." Chapter 7 Case, ECF No. 67.

On September 7, 2011, Robertson filed a second motion for reconsideration, arguing that "pro se litigants are held to less stringent pleading standards than . . . attorneys." Chapter 7 Case, ECF No. 69. On October 6, 2011, the bankruptcy court denied the motion because the "grounds for reconsideration [had not] been stated." Chapter 7 Case, ECF No. 70.

On October 12, 2011, Robertson filed a third motion for

reconsideration, asking the bankruptcy court to vacate the dismissal or "advise[] [him] on what errors exi[sted] so [that] [his] case [could] finally move forward." Chapter 7 Case, ECF No. 72.

On January 3, 2012, the bankruptcy court denied the third motion for reconsideration, reiterating that Robertson "had previously been granted an extension of time to file his credit counseling certificate," not "a waiver of the requirement that he complete the counseling pre-petition." Chapter 7 Case, ECF. No. 74.

On January 18, 2012, Robertson filed a notice of appeal--and moved for a stay pending appeal--of the bankruptcy court's January 3, 2012 order denying his third motion for reconsideration. Chapter 7 Case, ECF Nos. 76, 80. On January 20, 2012, the bankruptcy court granted the stay "to permit the merits of [Robertson's] appeal to be addressed to the District Court." Chapter 7 Case, ECF No. 81 at 4. The bankruptcy court further provided that it had denied Robertson's motions to reconsider because he had "never made any allegation that he [had] requested credit counseling" before filing for bankruptcy protection. Id. at 2 (internal quotation marks omitted).

On March 8, 2012, Robertson filed his appellate brief. ECF No. 6. Kremen has not filed a brief.

II. Analysis

   A. Standard of Review

The Court reviews the bankruptcy court's findings of facts for clear error and conclusions of law *de novo*. *See Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006).

   B. Robertson's Appeal

Robertson argues that the bankruptcy court erred in dismissing his case and denying his motion for reconsideration because he has shown "exigent circumstances" for filing his bankruptcy petition before receiving credit counseling.  ECF No. 6 at 7.

      1. Pre-Petition Counseling Requirement

To limit "the recent escalation of consumer bankruptcy filings" and "restor[e] personal responsibility . . . to the bankruptcy system," Congress imposed many new eligibility requirements on would-be debtors under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[3]  One such requirement, found at 11 U.S.C. § 109(h)(1), provides that

> an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition . . . received from an approved nonprofit budget and credit counseling agency . . . [a] briefing . . . that outlined the opportunities for available credit

---

[3] H.R. Rep. No. 109-31, at 1, 3, *reprinted in* 2005 U.S.C.C.A.N. at 89-90.  *See also Wirum v. Warren (In re Warren)*, 568 F.3d 1113, 1118 (9th Cir. 2009) ("Congress's core purpose in enacting BAPCPA was to prevent abusive bankruptcy filings.").

counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h). Section 109(h) "requires debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences." H.R. Rep. No. 109-31, at 2, *reprinted in* 2005 U.S.C.C.A.N. at 89.

Under a "narrow exception,"[4] a debtor may defer the counseling until after he files his petition for bankruptcy protection. *See* 11 U.S.C. § 109(h)(3). To qualify, the petitioner must submit a certification that "describes exigent circumstances that merit a waiver," states that he requested credit counseling from an approved agency but was unable to obtain counseling within seven days of his request, and "is satisfactory to the court." *Id.* A petitioner "must assert sufficient facts in the certificate to satisfy all three requirements to be eligible for a deferral." *In re Mitrano*, 409 B.R. 812, 816 (E.D. Va. 2009). *Accord In re Fiorillo*, 455 B.R. at 302.

"Exigent circumstances" exist if the petitioner "finds himself in a situation in which adverse events are imminent and will occur before the debtor is able to avail himself of the [counseling]." *In re Dixon*, 338 B.R. 383, 388 (B.A.P. 8th Cir.

---

[4] *See In re Fiorillo*, 455 B.R. 297, 302 (D. Mass. 2011).

2006). Such circumstances may include incarceration,[5] imminent eviction,[6] or failure to obtain a certificate of counseling because of the agency's refusal to accept payment by telephone.[7] But a petitioner fails to comply with § 109(h)(3) when he provides only vague assertions of exigencies,[8] merely certifies

---

[5] See In re Parker, Case No. 06-13327-NVA, 2006 WL 4671771, at *1-*2 (Bankr. D. Md. July 14, 2006); In re Star, 341 B.R. 830, 830-32 (Bankr. E.D. Va. 2006).

[6] In re Childs, 335 B.R. 623, 630 (Bankr. D. Md. 2005); In re Graham, 336 B.R. 292, 297-98 (Bankr. W.D. Ky. 2005); in re Cleaver, 323 B.R. 430, 435 (Bankr. S.D. Ohio 2005). But see In re Hindquist, 342 B.R. 295, 298 (B.A.P. 8th Cir. 2006) ("a debtor's waiting to file a bankruptcy petition until the eve of a foreclosure, when the debtor has had ample notice of the foreclosure, does not constitute exigent circumstances meriting a waiver of the prebankruptcy [counseling] requirement"); In re Murray, Case No. 08-11101-SSM, 2008 WL 732730, at *1 (E.D. Va. 2008) ("The mere fact that a foreclosure might take place within the [seven] day period is not sufficient--in effect, a debtor who waits until the last minute to seek counseling will not be exempt unless the [counseling] agency is so backed up that it cannot provide counseling within [seven] days of the request."); In re Wallert, 332 B.R. 884, 890 (Bankr. D. Minn. 2005) (foreclosure may not merit a waiver when the debtor has waited until the last minute to seek counseling, because Congress "mandate[d] debtors to recognize and start dealing with their straits of insolvency squarely").

[7] In re Zaldivar, Case No. 05-90585-NVA, 2006 WL 5217789, at *1 (Bankr. D. Md. Feb. 1, 2006).

[8] See In re Carpenter, Case No. 06-15974-NVA, 2006 WL 4482003, at *1 (Bankr. D. Md. 2006) (petitioner did not comply with waiver requirements when certification stated only that petitioner "was unaware of this process" and "was in dire need to file bankruptcy because of [petitioner's] present living situation"); In re Reese, Case No. 06-15184-NVA, 2006 WL 4547177, at *1 (Bankr. D. Md. Sept. 12, 2006) (certification did not comply with § 109(h)(3) when it stated that petitioner had not obtained counseling "because this is an emergency filing"); In re

that his home is for sale,[9] or asserts that counseling classes are "only held once a month."[10]

Although the bankruptcy code is silent on the consequences for failing to comply with § 109(h), "the majority of courts have held that mandatory dismissal is the appropriate remedy, even though it can yield a harsh result."[11]  Bankruptcy judges in our district have followed the majority approach.[12]  So, too, has

---

*Rodriguez*, 336 B.R. 462, 474 (Bankr. D. Idaho 2005) (certification failed to comply with § 109(h)(3) when it "addressed only obliquely" the purported exigent circumstances, "simply parroted the statutory language," and provided no details of pertinent facts).

[9] See *In re Jenkins*, Case No. 06-15045-NVA, 2006 WL 4547183, at *1 (Bankr. D. Md. Sept. 18, 2006) (certification did not comply with § 109(h)(3) when it stated that petitioner was unable to complete counseling "before the sale of [his] home").

[10] *Clippard v. Bass*, 365 B.R. 131, 133, 135-36 (W.D. Tenn. 2007) (petitioner "did not explain why she could not have waited until after [counseling was available] to file for bankruptcy").

[11] *In re Borges*, 440 B.R. 551, 556 (Bankr. D.N.M. 2010). *Accord In re Hoshan*, Case No. 07-2931, 2008 WL 81994 (E.D. Pa. 2008). See also *In re Zarnel*, 619 F.3d 156, 166-67 (2d Cir. 2010) (an individual who fails to "satisfy the strictures of § 109(h)" is "ineligible to be a debtor under the Bankruptcy Code" and cannot maintain a case).

[12] See, e.g., *In re Graves*, Case No. 06-15256DK, 2006 WL 4482002, at *1 (Bankr. D. Md. Oct. 12, 2006) (denying motion to reconsider dismissal because "debtor's completion of counseling post-petition does not satisfy the requirement set forth in Section 109(h)(1)"); *In re Carpenter*, 2006 WL 4482003, at *1 (dismissing case because petitioner had not obtained pre-petition counseling or qualified for a waiver); *In re Jenkins*, 2006 WL 4547183, at *1 (same); *In re Reese*, Case No. 06-15184-NVA, 2006 WL 4547177, at *1 (same).  "The bankruptcy court decisions in [the District of Virginia] have [also] generally

the Eastern District of Virginia, which appears to be the only other district in the Fourth Circuit to have considered the issue.[13] This Court agrees that dismissal is the appropriate remedy. Although the bankruptcy court is a court of equity, "that status does not confer on the court unlimited authority to ignore plain statutory requirements." *In re Landbank Equity Corp.*, 973 F.2d 265, 271 (4th Cir. 1992).

2. Motions for Reconsideration

Robertson filed his third motion for reconsideration under Fed. R. Bankr. P. 9024,[14] which incorporates Fed. R. Civ. P. 60. Accordingly, Robertson's motion for reconsideration was governed by Fed. R. Civ. P. 60.

Under Rule 60, a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "When the motion raises no new arguments, but merely requests

---

subscribed to the view that there is no discretion in applying the requirements of Section 109(h)." *In re Mitrano*, 409 B.R. at 817.

[13] *See In re Mitrano*, 409 B.R. at 818 (bankruptcy court properly dismissed case when petitioner had not received pre-petition counseling or qualified for a deferral).

[14] *See* Chapter 7 Case, ECF No. 72 at 1.

10

the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized." *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001).

### 3. The Bankruptcy Court's Ruling

The bankruptcy court did not err in dismissing Robertson's case, because he had not complied with § 109(h).  Robertson has asserted that "the time it [would have] take[n] to comply [with the counseling requirement] would have left [his] children and [him] homeless."  Chapter 7 Case, ECF No. 66 at 1.  Assuming, *arguendo*, that Robertson has described exigent circumstances, he has not shown that he tried--and failed--to obtain counseling within seven days.[15]  Accordingly, the bankruptcy court did not err in dismissing his case.

The bankruptcy court also did not err in denying Robertson's motion to reconsider the dismissal.  He failed to show any grounds for relief under Rule 60(b) and simply asked the court to "change its mind."  *See Pritchard*, 3 F. App'x at 53.  "[P]ro se litigants, like all other parties, must abide by the Federal Rules of . . . Procedure."  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  Thus, the bankruptcy court did not err when it dismissed Robertson's case and denied his

---

[15] *See In re Mitrano*, 409 B.R. at 816 (petitioner "must . . . satisfy all three requirements to be eligible for a deferral").

third motion for reconsideration.[16]

III. Conclusion

For the reasons discussed above, the bankruptcy court will be affirmed.

_5/31/12_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[16] "[D]ismissal of the case is without formal prejudice to refiling after the debtor obtains the counseling." *In re Murray*, 2008 WL 732730, at *1 n.1.